IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELLMAN, INC., a Delaware corporation, | |
| Plaintiff, | C. A. No. |
| v. | JURY TRIAL DEMANDED |
| EASTMAN CHEMICAL COMPANY, a Delaware corporation, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Wellman, Inc. ("Wellman"), by its undersigned attorneys, for its complaint against Defendant, Eastman Chemical Company ("Eastman"), states and alleges as follows:

### THE PARTIES

1. Plaintiff Wellman is a Delaware corporation having its principal place of business at 1041 521 Corporate Center Drive, Fort Mill, South Carolina, 29707.

2. On information and belief, Defendant Eastman is a Delaware corporation having its corporate headquarters located at 200 South Wilcox Drive, Kingsport, TN 37660.

## JURISDICTION AND VENUE

3. This action is for patent infringement by Eastman, inducement of patent infringement by Eastman, and contributory patent infringement by Eastman, and arises under the patent laws of the United States, Title 35, United States Code.

4. This Court has proper, original and exclusive jurisdiction over the subject matter of this action based on Title 28, United States Code, §§ 1331 and 1338.

5. Venue is proper in this Court under the provisions of Title 28, United States Code § 1400(b).

## THE PATENTS IN SUIT

6. On October 31, 2006, United States Letters Patent No. 7,129,317 ("the '317 patent"), entitled "Slow-Crystallizing Polyester Resins" was duly and legally issued by the United States Patent and Trademark Office (the "PTO"). A copy of the '317 patent is attached hereto as Exhibit A.

7. The '317 patent relates to polyethylene terephthalate resins that are useful for making bottle preforms.

8. All the rights, title and interest in the '317 patent were assigned to Wellman by the inventors, namely, Tony Clifford Moore, David Eugene Thompson, Sharon Sue Griffith, Carl S. Nichols, Billy Mack Humelsine, and Robert Joseph Schiavone. A copy of the assignment was recorded with the PTO at reel and frame numbers 015392/0679 on November 19, 2004.

9.  On August 22, 2006, United States Letters Patent No. 7,094,863 ("the '863 patent"), entitled "Polyester Preforms Useful for Enhanced Heat-Set Bottles" was duly and legally issued by the PTO. A copy of the '863 patent is attached hereto as <u>Exhibit B</u>.

10. The '863 patent relates to polyethylene terephthalate preforms, which possess improved reheating profiles that are useful for making bottles.

11. All rights, title and interest in the '863 patent were assigned to Wellman by the inventors, namely, Tony Clifford Moore, David Eugene Thompson, Sharon Sue Griffith, Carl S. Nichols, Billy Mack Humelsine, and Robert Joseph Schiavone. A copy of the assignment was recorded with the PTO at reel and frame numbers 016843/0893 on July 21, 2005.

## COUNT I - INFRINGEMENT OF THE '317 PATENT

12. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

13. On information and belief, Eastman has been manufacturing, selling, importing and/or offering for sale polyethylene terephthalate resins that infringe one or more claims of the '317 patent in the United States in violation of 35 U.S.C. § 271. It is presently believed that these resins include Parastar™ resins being manufactured using Eastman's IntegRex™ technology.

14. On information and belief, Eastman knew or should have reasonably known of the existence of the '317 patent, and despite such knowledge, Eastman has continued to engage in activities that infringe the '317 patent in violation of 35 U.S.C. § 271 without lawful justification.

15. On information and belief, Eastman has, by its aforementioned infringement of the '317 patent, unlawfully derived substantial gains that Wellman would have otherwise received.

16. As a direct and proximate consequence of Eastman's infringement of the '317 patent, Wellman has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Wellman is entitled to injunctive relief and monetary damages, at least as set forth in 35 U.S.C. §§ 281, 283, 284 and 285.

## COUNT II – INDUCEMENT OF INFRINGEMENT OF THE '863 PATENT

17. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

18. On information and belief, Eastman has been manufacturing, selling, importing and/or offering for sale polyethylene terephthalate resins that, when used to make polyethylene terephthalate bottle preforms, infringe one or more claims of the '863 patent in the United States in violation of 35 U.S.C. § 271. It is presently believed that these resins include Parastar™ resins being manufactured using Eastman's IntegRex™ technology.

19. On information and belief, Eastman has been selling and/or offering for sale the aforementioned polyethylene terephthalate resins to clients for the purpose of making polyethylene terephthalate bottle preforms, thereby inducing infringement of the '863 patent in the United States in violation of 35 U.S.C. § 271.

20. On information and belief, Eastman knew or should have reasonably known of the existence of the '863 patent, and despite such knowledge, Eastman has continued to engage in activities that induce infringement of the '863 patent in violation of 35 U.S.C. § 271 without lawful justification.

21. On information and belief, Eastman has, by its aforementioned inducement of infringement of the '863 patent, unlawfully derived substantial gains that Wellman would have otherwise received.

22. As a direct and proximate consequence of Eastman's inducement of infringement of the '863 patent, Wellman has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Wellman is entitled to injunctive relief and monetary damages, at least as set forth in 35 U.S.C. §§ 281, 283, 284 and 285.

**COUNT III – CONTRIBUTORY INFRINGEMENT OF THE '863 PATENT**

23. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

24. On information and belief, Eastman has been selling and/or offering for sale polyethylene terephthalate resins to clients for the purpose of making polyethylene terephthalate bottle preforms, thereby contributing to the infringement of one or more claims of the '863 patent in the United States in violation of 35 U.S.C. § 271. It is presently believed that these resins include Parastar™ resins being manufactured using Eastman's IntegRex™ technology.

25. On information and belief, Eastman knew or should have reasonably known of the existence of the '863 patent, and despite such knowledge, Eastman has continued to engage in activities that contribute to the infringement of the '863 patent in violation of 35 U.S.C. § 271 without lawful justification.

26. On information and belief, Eastman has, by its aforementioned contributory infringement of the '863 patent, unlawfully derived substantial gains that Wellman would have otherwise received.

27. As a direct and proximate consequence of Eastman's contributory infringement of the '863 patent, Wellman has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Wellman is entitled to injunctive relief and monetary damages, at least as set forth in 35 U.S.C. §§ 281, 283, 284 and 285.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Wellman demands trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. For a judgment that Eastman has infringed United States Patent No. 7,129,317 in violation of 35 U.S.C. § 271;

B. For a judgment that Eastman has induced infringement of United States Patent No. 7,094,863 in violation of 35 U.S.C. § 271;

C. For a judgment that Eastman has contributorily infringed United States Patent No. 7,094,863 in violation of 35 U.S.C. § 271;

510764_1/

D.    For a preliminary and permanent injunction enjoining and restraining Eastman, its officers, agents and servants, employees, and attorneys, parents and subsidiaries, and other persons in active concert or participation with Eastman, from further infringing the '317 patent, and from making, using, selling, importing, offering for sale, or licensing any and all products that infringe United States Patent No. 7,129,317;

E.    For a preliminary and permanent injunction enjoining and restraining Eastman, its officers, agents and servants, employees, and attorneys, parents and subsidiaries, and other persons in active concert or participation with Eastman, from further inducing infringement of the '863 patent, and from making, using, selling, importing, offering for sale, or licensing any and all products that infringe United States Patent No. 7,094,863;

F.    For a preliminary and permanent injunction enjoining and restraining Eastman, its officers, agents and servants, employees, and attorneys, parents and subsidiaries, and other persons in active concert or participation with Eastman, from further contributing to the infringement of the '863 patent, and from making, using, selling, importing, offering for sale, or licensing any and all products that infringe United States Patent No. 7,094,863;

G.    For an accounting for damages suffered by plaintiff, including lost profits caused by infringement of United States Patent No. 7,129,317, and for a judgment requiring Eastman to compensate Wellman for such damages;

H.    For an accounting for damages suffered by plaintiff, including lost profits caused by the inducement of infringement of United States Patent No. 7,094,863, and for a judgment requiring Eastman to compensate Wellman for such damages;

I.    For an accounting for damages suffered by plaintiff, including lost profits caused by contributing to the infringement of United States Patent No. 7,094,863, and for a judgment requiring Eastman to compensate Wellman for such damages;

J.    For a judgment that this case is exceptional and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

K.    For an assessment of interest and costs against defendant; and

L.    For such other and further relief that this Court deems just and proper.

DATED: September 24, 2007                    **EDWARDS ANGELL PALMER & DODGE LLP**

                                               */s/ John L. Reed*
                                               John L. Reed (I.D. No. 3023)
                                               Denise Seastone Kraft (I.D. No. 2778)
                                               919 North Market Street, 15th Floor
                                               Wilmington, DE 19801
                                               (302) 777-7770
                                               (302) 777-7263 (Fax)
                                               jreed@eapdlaw.com
                                               dkraft@eapdlaw.com

**OF COUNSEL:**

Scott D. Wofsy, Esq.
Brian R. Pollack, Esq.
**EDWARDS ANGELL PALMER & DODGE LLP**
301 Tresser Blvd.
Stamford, CT 06901
(203) 353-6876
(888) 325-9046 (Fax)                     *Attorneys for Plaintiff, Wellman, Inc.*